# ADALBERTO DIAZ MOR

*v.*

# PORTO RICO RAILWAY, LIGHT, & POWER COMPANY.

San Juan, Law, No. 1274.

NONRESIDENT PLAINTIFFS.

Jurisdiction—Domicil.

> Federal courts have jurisdiction of foreigners without regard to residence, and no reason appears why this rule should not apply to Porto Rico.

Opinion filed February 19, 1919.

*Mr. F. H. Dexter* for plaintiff.

*Mr. J. Henri Brown* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a suit brought by a resident alien against a resident corporation for damages for personal injury.

The demurrer raises the point that the present Organic Act limits the jurisdiction of this court to persons not domiciled in Porto Rico.

The original or Foraker Act provided in § 34 that this court "shall have, in addition to the ordinary jurisdiction of district courts of the United States, jurisdiction of all cases cognizant

XI. Porto Rico.—12.

Mor v. Porto Rico Railway, Light, & P. Co.

in the circuit courts of the United States, and shall proceed therein in the same manner as a circuit court." [31 Stat. at L. 84, chap. 191, Comp. Stat. § 3785, 7 Fed. Stat. Anno. 2d ed. p. 1273.] Meantime circuit courts have been abolished and their jurisdiction conferred on district courts. The present Organic Act, commonly called the Jones Bill, in § 41 provides that "such district court shall have jurisdiction of all cases cognizable in the district courts of the United States, and shall proceed in the same manner. . . . Said district court shall have jurisdiction of all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign state or states, or citizens of a state, territory, or district of the United States not domiciled in Porto Rico, wherein the matter in dispute exceeds, exclusive of interest or cost, the sum or value of $3,000;" etc. Act March 2, 1917, § 41, 39 Stat. at L. 965, chap. 145, Comp. Stat. § 3803qq, Fed. Stat. Anno. Supp. 1918, p. 626. There is no question that the jurisdiction as to persons is limited in the case of Americans to those not domiciled in the Island. The contention now made is that the provision as written extends also to aliens.

Jurisdiction involves the two branches of person and subject-matter, together with the statutory powers of the court itself. Ordinarily the district courts of the United States have jurisdiction of all suits of a civil nature at common law or in equity under the Constitution or Laws of the United States between citizens of different states, or citizens of a state and foreign states. Judicial Code, § 24. There is also (17) added all suits brought by any alien for a tort only in violation of the laws of nations or of a treaty of the United States, but this is not supposed to be involved in the suit at bar. The general principle

is, that, there being jurisdiction of subject-matter, any plaintiff can sue in the appropriate court of the judicial subdivision where the defendant resides. The rule is that a district court has original jurisdiction of an action by an alien against a citizen and resident. Von Thodorovich v. Franz Josef Beneficial Asso. 154 Fed. 911. It has been held, that, other questions aside, the residence of aliens within the state constitutes no objection to the jurisdiction of the Federal court. Breedlove v. Nicolet, 7 Pet. 413, 8 L. ed. 731. The law as to courts in territories in general is that each of the district courts in the territories shall have and exercise the same jurisdiction in all cases arising under the Constitution and laws of the United States as is vested in the circuit and district courts of the United States. Rev. Stat. § 1910. Porto Rico has in some respects been treated differently from territories on the mainland, and has been held not to have been incorporated as yet into the United States. It is only right, therefore, to look into the circumstances surrounding the enactment of the law governing this court for its proper interpretation.

Porto Rico was settled by the Spaniards, and has been, with the exception of temporary holding by the English and Dutch for very short intervals, essentially Spanish all through its four hundred years of existence. The Spanish language, customs, and to some extent institutions, still prevail, and Congress has instituted Federal courts as distinguished from local courts, following the model set when Louisiana was purchased from France. This it may well be supposed was from much the same reason, that is to say, in part, to protect parties in interest, whether Americans or foreigners, from local bias. The Spaniards especially might have an advantage or might be at a disadvantage, according to circumstances, as compared with other

Mor v. Porto Rico Railway, Light, & P. Co.

nationalities. It was under these circumstances that a separate Federal court was instituted by military General Order No. 88 of June 27, 1899, at the time of the occupation, and this has been continued and enlarged by legislation ever since. It would not seem that there was any occasion to depart from the rule prevailing in the states, that foreigners, whether resident or nonresident, may use the national courts, but rather, if anything, additional reason for permitting such resort to the Federal jurisdiction.

Punctuation is no part of a statute, but so far as it goes it tends here in the same direction as the general policy of the law. Hammock v. Farmers' Loan & T. Co. 105 U. S. 77, 84, 26 L. ed. 1111, 1113. The provision as to domiciled Americans is separated by a comma from the provision as to aliens.

It would seem, therefore, that the Jones Act of March 2, 1917, § 41, does not extend the provision as to domicil to aliens, and the demurrer must be overruled.

It is so ordered.